# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID C. LETNER,

               Plaintiff,      :      Case No. 3:21-cv-140

                                            District Judge Thomas M. Rose
- vs -                               Magistrate Judge Michael R. Merz

INTERNAL REVENUE SERVICE,,

               Defendant.     :

## REPORT AND RECOMMENDATIONS

This case is before the Court for initial screening upon filing and has been referred to the undersigned pursuant to General Order Day 13-01.

Mr. Letner, who is incarcerated, seeks to recover money which he claims is due to him under the CARES Act (Petition, ECF No. 1). Based on the decision he cites from California, he may be entitled to payment under the Act.

However, Letner purports to bring this action in habeas corpus, under 28 U.S.C. § 2241. That is the statute which authorized federal judges to issue the writ of habeas corpus to determine whether a person is lawfully held in custody. Letner is not seeking release from custody, nor would he be entitled to release on the basis of non-payment of CARES Act stimulus money. Instead, a claim for money from the United States Treasury must be brought in a civil action under the Tucker Act or some other provision of civil law.

Moreover, Letner's action is not properly brought in the Southern District of Ohio. His filing shows that he is incarcerated at the Federal Correctional Institution at Elkton which is in Columbiana County which is situated in the Northern District of Ohio. 28 U.S.C. § 115(a)(1). If payment under the CARES Act is due to him, it should have been paid at his place of temporary residence at Elkton FCI. It would appear, then, that the Northern District of Ohio is the proper venue for Letner's actions. 28 U.S.C. § 1391(b).

It is accordingly respectfully recommended that the Petition herein be dismissed without prejudice to refiling of a civil action for recovery of CARES Act stimulus money in the Northern District of Ohio. If Letner decides to proceed in that way, he should obtain the forms needed to proceed from the Clerk of the United states District Court for the Northern District of Ohio at Youngstown. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 6, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.